**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

TIFFANY (NJ) LLC,

Plaintiff,

vs.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" and DOES 1-10,

Defendants.

_________________________________________/

# COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Tiffany (NJ) LLC ("Tiffany" or "Plaintiff"), hereby sues Defendants, the Individuals, Partnerships and Unincorporated Associations identified on Schedule "A" hereto and Does 1-10 (collectively "Defendants"). Defendants are promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Tiffany's trademarks within this district through various Internet websites operating under their individual, partnership and/or unincorporated business association names identified on Schedule "A" hereto. Specifically, Defendants illegally hack or cause to be hacked the domain names of legitimate businesses (the "Hacked Domains") and use those hacked domains to route consumer traffic from search engines to "middleman" domains (the "Intermediary Subject Domain Names"). The Intermediary Subject Domain Names, identified by each Defendant on Schedule "A" hereto, are then used to re-route consumers to at least one of Defendants' respective, fully interactive, commercial Internet websites operating under the domain names also identified on Schedule "A" (the "Target Subject Domain Names") (the Target and Intermediary Subject Domain Names are

collectively referred to herein as the "Subject Domain Names"). In support of its claims, Tiffany alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for federal trademark counterfeiting and infringement, false designation of origin, cybersquatting, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1125(a), 1125(d), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Tiffany's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2. Defendants are subject to personal jurisdiction in this district because they operate commercial websites accessible in this district and direct business activities towards consumers throughout the United States, including within the State of Florida and this district, through at least the fully interactive commercial Internet websites operating under the Target Subject Domain Names.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who engage in infringing activities and cause harm within this district by advertising, offering to sell, and/or selling infringing products into this district.

**THE PLAINTIFF**

4. Tiffany is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 15 Sylvan Way, Parsippany, NJ 07054. Tiffany operates boutiques throughout the world, including within this district. Tiffany is, in part,

engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, including those identified in Paragraph 18 below. Tiffany offers for sale and sells its trademarked goods within the State of Florida, including this district, through its boutiques and via its own Internet website. Defendants, through the sale and offering for sale of counterfeit and infringing Tiffany branded products, are directly, and unfairly, competing with Tiffany's economic interests in the State of Florida and causing Tiffany harm within this jurisdiction.

5. Like many other famous trademark owners in the luxury goods market, Tiffany suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Tiffany's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits.

6. In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Tiffany expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars. The recent explosion of counterfeiting over the Internet has created an environment that requires Tiffany to file a large number of lawsuits, often it later turns out, against the same individuals and groups, in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill associated with the Tiffany brand.

**THE DEFENDANTS**

7. Defendants operate through domain names registered with registrars in multiple countries and are comprised of individuals and/or business entities of unknown makeup, whom, upon information and belief, reside and/or operate in the People's Republic of China or other foreign jurisdictions. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities towards consumers throughout the United States, including within this district through the operation of the Internet websites existing under the Subject Domain Names.

8. Upon information and belief, Defendants use aliases in conjunction with the operation of their businesses, including but not limited to those identified by the same Defendant Number on Schedule "A" hereto.

9. Tiffany is presently unaware of the true names of Does 1-10, although they are generally identified as the managing agents and/or co-conspirators of Defendants. Tiffany will amend this Complaint upon discovery of the identities of such fictitious Defendants.

10. Upon information and belief, Defendants are directly and personally contributing to, inducing and engaging in the sale of counterfeit branded products as alleged herein, often times as partners, co-conspirators and/or suppliers.

11. Defendants are part of an ongoing scheme to create and maintain an illegal marketplace enterprise on the World Wide Web, which (i) confuses consumers regarding the source of Defendants' goods for profit, and (ii) expands the marketplace for illegal, counterfeit Tiffany branded goods while shrinking the legitimate marketplace for genuine Tiffany branded goods. The natural and intended byproduct of Defendants' actions is the erosion and destruction

of the goodwill associated with Tiffany's famous name and associated trademarks, as well as the destruction of the legitimate market sector in which Tiffany operates.

12. Defendants are the past and present controlling forces behind the operation of, at least, the Subject Domain Names.

13. Upon information and belief, Defendants directly engage in unfair competition with Tiffany by (i) offering for sale and/or selling goods bearing counterfeits and infringements of one or more of Tiffany's trademarks to consumers within the United States and this district through at least the fully interactive commercial Internet websites operating under the Subject Domain Names and additional domains and websites not yet known to Tiffany and (ii) creating and maintaining an illegal marketplace enterprise for the purpose of diverting business from Tiffany's legitimate marketplace for its genuine goods. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale and shipment of counterfeit Tiffany branded goods into the State and by operating an illegal marketplace enterprise which impacts and interferes with commerce throughout the United States, including within the State of Florida.

14. Upon information and belief, Defendants have registered, established or purchased, and maintained their respective Subject Domain Names, and the websites operating thereunder. Upon information and belief, many Defendants have engaged in fraudulent conduct with respect to the registration of the Subject Domain Names by providing false and/or misleading information to their various registrars during the registration or maintenance process. Upon information and belief, many of the Defendants have anonymously registered and maintained some of the Subject Domain Names for the sole purpose of engaging in illegal counterfeiting activities.

15. Upon information and belief, Defendants will continue to register or acquire new domain names for the purpose of selling and/or offering for sale goods bearing counterfeit and confusingly similar imitations of Tiffany's trademarks unless preliminarily and permanently enjoined. Moreover, upon information and belief, Defendants will continue to maintain and grow their illegal marketplace enterprise at Tiffany's expense unless preliminarily and permanently enjoined.

16. Defendants' entire Internet-based website businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Tiffany and others.

17. Defendants' business names, i.e., the Subject Domain Names, and any other domain names used in connection with the sale of counterfeits bearing Tiffany's trademarks, are essential components of Defendants' counterfeiting and infringing activities and are the means by which Defendants further their counterfeiting and infringing scheme and cause harm to Tiffany. Moreover, Defendants are using Tiffany's famous name and trademarks to drive Internet consumer traffic to their websites operating under the Subject Domain Names, thereby creating and increasing the value of the Subject Domain Names and decreasing the size and value of Tiffany's legitimate consumer marketplace at Tiffany's expense.

## COMMON FACTUAL ALLEGATIONS

### Tiffany's Trademark Rights

18. Tiffany is, and at all times relevant hereto has been, the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively the "Tiffany Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| TIFFANY & CO | 0,023,573 | September 5, 1893 | IC 14 – Jewelry and Watches. |
| TIFFANY | 0,133,063 | July 6, 1920 | IC 14 – Jewelry for Personal Wear, Not Including Watches; and Flat and Hollow Ware Made of or Plated with Precious Metal. |
| TIFFANY & CO. | 1,228,189 | February 22, 1983 | IC 08 – Bottle Openers Made in Whole or in Part of Precious or Semi-Precious Metals.<br><br>IC 14 – Decorative Art Objects Made in Whole or in Part of Precious or Semi-Precious Metals-Namely, Figurines, Boxes, Bowls, Trays, and Flowers, Jewelry, Metal Wares Made in Whole or in Part of Precious or Semi-Precious Metals-Namely, Business Card Cases, Candelabras, Candlesticks, Cigar and Cigarette Boxes, Napkin Rings, and Bookmarks, Semi-Precious Stones, Natural and Cultured Pearls. |
| TIFFANY | 1,228,409 | February 22, 1983 | IC 14 – Decorative Art Objects Made in Whole or in Part of Precious or Semi-Precious Metals-Namely, Figurines, Boxes, Bowls, Trays, and Flowers, Jewelry, Semi-Precious Stones, and Natural and Cultured Pearls. |
| TIFFANY & CO. | 1,283,306 | June 26, 1984 | IC 14 – Desk Accessories - Namely, Calendar and Photograph Frames; Bar Accessories-Namely, Coasters, Tumblers, Pitchers, and Corkscrews; Clothing Accessories-Namely, Money Clips, Cufflinks, Key Holders, Collar Clips, Collar Stays, Tie Bars; Tie Tacks; Tie Slides; Belt Buckles, and Studs; Baby Gifts-Namely, Milk Cups, Porringers and Rattles; Perfume Flasks; Toothpicks; Barrettes; Pill Boxes; Pin Boxes; and Stymie Markers; All Made of or Plated with Precious or Semi-Precious Metals. |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| T & CO. | 1,669,365 | December 24, 1991 | IC 14 – all types of jewelry made of, or in part of, precious metals and/or with precious or semi-precious stones. |
| TIFFANY & CO. | 1,968,614 | April 16, 1996 | IC 14 – all types of timepieces, including, especially, watches and clocks. |
| TIFFANY | 2,639,539 | October 22, 2002 | IC 14 – watches and clocks. |
| ATLAS | 2,886,655 | September 21, 2004 | IC 14 – jewelry; rings; bracelets; earrings; necklaces; pendants. |
| 1837 | 4,154,018 | June 5, 2012 | IC 09 – Sunglasses; cellular phone accessory charms; compasses; tape measures.<br>IC 14 – Jewelry; cufflinks; key rings of precious metal.<br>IC 16 – Bookmarks; pen stands; calendars; letter openers of precious metal; paperweights; pens; money clips.<br>IC 18 – Business card cases; luggage tags.<br>IC 21 – Hair combs; cocktail shakers; napkin rings of precious metal; pill boxes for personal use; cups.<br>IC 26 – Collar stays.<br>IC 28 – Toy whistles.<br>IC 34 – Cigar cases of precious metal. |

19. The Tiffany Marks are used in conjunction with the manufacture and distribution of high quality luxury goods in the categories identified above. True and correct copies of the Certificates of Registration for the Tiffany Marks are attached hereto as Composite Exhibit "A."

20. The Tiffany Marks have been used in interstate commerce to identify and distinguish Tiffany's high quality luxury goods for an extended period of time.

21. The Tiffany Marks have never been assigned or licensed to any of the Defendants in this matter.

22. The Tiffany Marks are symbols of Tiffany's quality, reputation and goodwill and have never been abandoned.

23. Further, Tiffany has expended substantial time, money and other resources developing, advertising and otherwise promoting the Tiffany Marks. The Tiffany Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

24. Tiffany has extensively used, advertised, and promoted the Tiffany Marks in the United States in association with the sale of high quality luxury goods and has carefully monitored and policed the use of the Tiffany Marks.

25. As a result of Tiffany's efforts, members of the consuming public readily identify merchandise bearing or sold under the Tiffany Marks as being high quality goods sponsored and approved by Tiffany.

26. Accordingly, the Tiffany Marks have achieved secondary meaning as identifiers of high quality luxury goods.

27. Genuine goods bearing the Tiffany Marks are widely legitimately advertised and promoted by Tiffany and its authorized distributors via the Internet. Over the course of the past ten years, visibility on the World Wide Web, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Tiffany's overall marketing and consumer education efforts. Thus, Tiffany expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Tiffany to fairly and legitimately educate consumers about the value associated with the Tiffany brand and the goods sold thereunder. SEO is now a common marketing process whereby a company or individual designs, supports, structures and phrases

Internet website content in order to enhance a website's profile for search engines over a variety of search terms.

**<u>Defendants' Infringing Activities</u>**

28. Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Tiffany's ownership of the Tiffany Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

29. Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce bearing counterfeits and confusingly similar imitations of the Tiffany Marks (the "Counterfeit Goods") through the fully interactive, commercial Internet websites operating under the Target Subject Domain Names. Specifically, upon information and belief, Defendants are using identical copies of the Tiffany Marks for different quality goods. Tiffany has used the Tiffany Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Tiffany's merchandise.

30. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different than that of Tiffany's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality products offered for sale by Tiffany despite Defendants' knowledge that they are without authority to use the Tiffany Marks. The net effect of Defendants' actions will cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Tiffany.

31. Defendants advertise their Counterfeit Goods for sale to the consuming public via at least their websites operating under the Subject Domain Names. In so advertising these products, Defendants improperly and unlawfully use the Tiffany Marks without Tiffany's permission. Indeed, Defendants herein misappropriated Tiffany's advertising ideas and methods of doing business with regard to the advertisement and sale of Tiffany's genuine goods. Upon information and belief, the misappropriation of Tiffany advertising ideas in the form of the Tiffany Marks is, in part, the proximate cause of harm to Tiffany.

32. As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, all concurrently employing substantially similar, and often times coordinated, paid advertising and SEO strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Tiffany Marks. Specifically, Defendants are using counterfeits of Tiffany's famous name and the Tiffany Marks in order to make their websites selling illegal goods appear more relevant and attractive to search engines across an array of search terms. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for genuine Tiffany goods. Defendants are causing concurrent and indivisible harm to Tiffany and the consuming public by (i) depriving Tiffany of its right to fairly compete for space within search engine results and reducing the visibility of Tiffany's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Tiffany Marks, (iii) increasing Tiffany's overall cost to market its goods and educate consumers about its brand via the Internet, and (iv) maintaining an illegal marketplace enterprise which perpetuates the ability of Defendants and future entrants to that marketplace to confuse consumers and harm Tiffany with impunity.

33. Additionally, unbeknownst to the registered operators of the Hacked Domains, Defendants or their agents have inserted or caused to be inserted unrelated pages and java script code segments into the Hacked Domains. The end result of the inserted pages and java script code segments is to redirect consumer traffic from search engines[1] to the Hacked Domains and, ultimately, to Defendants' respective Target Subject Domain Names.

34. To accomplish the goal of commandeering consumer traffic, the Hacked Domains rely upon intermediary or "middleman" domains. In short, the Hacked Domains are injected with java script instructions which redirect consumers to the Intermediary Subject Domain Names owned and operated by Defendants. Those Intermediary Subject Domain Names contain java script code which in turn ultimately re-routes the traffic to the respective Target Subject Domain Name. The described setup, known as a traffic drive system, allows Defendants to quickly update the redirects on all Hacked Domains in their networks by simply updating a single file on their respective Intermediary Subject Domain Names. If such Intermediary Subject Domain Names were not used, every time Defendants wanted to re-route consumer traffic to new ultimate selling domains, Defendants would have to regain access to each of the Hacked Domains and update them individually.

35. Upon information and belief, Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and causing harm, within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Tiffany and the consuming public for Defendants' own benefit.

[1] The Hacked Domains only trigger the redirection process when accessed via a search engine such as Google. When the Hacked Domains are accessed directly via a browser address bar, they appear in their normal state. The obvious explanation is that the hack is designed to catch consumers who typically rely on search engines when shopping while simultaneously evading detection by investigators and automated search systems which tend to enter domains in the address bar. An example of the different landing pages based on point of access is attached hereto as Exhibit "B."

36. Defendants' use of the Tiffany Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods, is without Tiffany's consent or authorization.

37. Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Tiffany's rights for the purpose of trading on Tiffany's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Tiffany and the consuming public will continue to be harmed.

38. Defendants' above-identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public and the trade before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Tiffany genuine goods and Defendants' Counterfeit Goods, which there is not.

39. Further, upon information and belief, several Defendants have registered their respective Subject Domain Name(s) using marks that are nearly identical and/or confusingly similar to at least one of the Tiffany Marks (collectively, the "Cybersquatted Subject Domain Names").

40. Defendants do not have, nor have they ever had, the right or authority to use the Tiffany Marks. Further, the Tiffany Marks have never been assigned or licensed to be used on any of the websites operating under the Cybersquatted Subject Domain Names.

41. Upon information and belief, Defendants have provided false and/or misleading contact information when applying for the registration of the Cybersquatted Subject Domain

Names, or have intentionally failed to maintain accurate contact information with respect to the registration of the Cybersquatted Subject Domain Names.

42. Upon information and belief, Defendants have never used any of the Cybersquatted Subject Domain Names in connection with a bona fide offering of goods or services.

43. Upon information and belief, Defendants have not made any bona fide non-commercial or fair use of the Tiffany Marks on a website accessible under any of the Cybersquatted Subject Domain Names.

44. Upon information and belief, Defendants have intentionally incorporated the Tiffany Marks in their Cybersquatted Subject Domain Names to divert consumers looking for Tiffany's Internet website to their own Internet websites for commercial gain.

45. Given the visibility of Defendants' various websites and the similarity of their actions, including their SEO and hacking activities, it is clear Defendants are either related or, at a minimum, cannot help but know of each other's existence and the damage likely to be caused to Tiffany as a result of Defendants' concurrent actions.

46. Although some Defendants may be acting independently, they may properly be deemed to be acting in concert because they are combining the force of their actions to multiply the harm caused to Tiffany.

47. Tiffany has no adequate remedy at law.

48. Tiffany is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Tiffany Marks. If Defendants' counterfeiting and infringing, cybersquatting, unfairly competitive activities, and

their illegal marketplace enterprise are not preliminarily and permanently enjoined by this Court, Tiffany and the consuming public will continue to be harmed.

49. The injury and damage sustained by Tiffany have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods and by the creation, maintenance and very existence of Defendants' illegal marketplace enterprise.

**COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT**
**PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

50. Tiffany hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 49 above.

51. This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeits, copies, and/or colorable imitations of the Tiffany Marks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods.

52. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing products bearing one or more of the Tiffany Marks. Defendants are continuously infringing and inducing others to infringe the Tiffany Marks by using them to advertise, promote, offer to sell, and sell goods bearing the Tiffany Marks.

53. Defendants' indivisible and concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

54. Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages and irreparable harm to Tiffany and are unjustly enriching Defendants at Tiffany's expense.

55. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Tiffany Marks in violation of Tiffany's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

56. Tiffany has suffered and will continue to suffer irreparable injury due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.

**COUNT II - FALSE DESIGNATION OF ORIGIN**
**PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. §1125(a))**

57. Tiffany hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 49 above.

58. Defendants' Counterfeit Goods bearing and sold under copies of the Tiffany Marks have been widely advertised and offered for sale throughout the United States.

59. Defendants' Counterfeit Goods bearing and sold under copies of the Tiffany Marks are virtually identical in appearance to each of Tiffany's genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

60. Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of the Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into

commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Tiffany's detriment.

61. Defendants have authorized infringing uses of the Tiffany Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded products. Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

62. Additionally, Defendants are using counterfeits and infringements of the Tiffany Marks in order to unfairly compete with Tiffany and others for space within search engine organic results, thereby jointly depriving Tiffany of a valuable marketing and educational tool which would otherwise be available to Tiffany and reducing the visibility of Tiffany's genuine goods on the World Wide Web.

63. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

64. Tiffany has no adequate remedy at law and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Tiffany will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

**COUNT III - CLAIM FOR RELIEF FOR CYBERSQUATTING**
**PURSUANT TO §43(d) OF THE LANHAM ACT (15 U.S.C. §1125(d))**

65. Tiffany hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 49 above.

66. At all times relevant hereto, Tiffany has been and still is the owner of the rights, title and interest in and to the Tiffany Marks.

67. Upon information and belief, Defendants have acted with the bad faith intent to profit from the Tiffany Marks and the goodwill associated with the Tiffany Marks by registering and using the Cybersquatted Subject Domain Names.

68. The Tiffany Marks were distinctive and famous at the time Defendants registered the Cybersquatted Subject Domain Names.

69. Defendants have no intellectual property rights in or to the Tiffany Marks.

70. The Cybersquatted Subject Domain Names are identical to, confusingly similar to, or dilutive of at least one of the Tiffany Marks.

71. Defendants' conduct is done with knowledge and constitutes a willful violation of Tiffany's rights in the Tiffany Marks. At a minimum, Defendants' conduct constitutes reckless disregard for and willful blindness to Tiffany's rights.

72. Defendants' actions constitute cybersquatting in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

73. Tiffany has no adequate remedy at law.

74. Tiffany has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

**COUNT IV - COMMON LAW UNFAIR COMPETITION**

75. Tiffany hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 49 above.

76. This is an action against Defendants based on their (i) promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Tiffany Marks, and (ii) creation and maintenance of an illegal, ongoing marketplace enterprise operating in parallel to the legitimate marketplace in

which Tiffany sells its genuine goods, in violation of Florida's common law of unfair competition.

77. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing infringing and counterfeit Tiffany branded goods. Defendants are also using counterfeits and infringements of the Tiffany Marks to unfairly compete with Tiffany and others for (i) space in search engine results across an array of search terms and (ii) visibility on the World Wide Web.

78. Defendants' hacking and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Tiffany Marks.

79. Tiffany has no adequate remedy at law and is suffering irreparable injury as a result of Defendants' actions.

**COUNT V - COMMON LAW TRADEMARK INFRINGEMENT**

80. Tiffany hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 49 above.

81. This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the Tiffany Marks. Tiffany is the owner of all common law rights in and to the Tiffany Marks.

82. Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Tiffany Marks.

83. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Tiffany Marks.

84. Tiffany has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

85. WHEREFORE, Tiffany demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

a. Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Tiffany Marks; from using the Tiffany Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, trademark or trade dress that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Tiffany; from falsely representing themselves as being connected with Tiffany, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Tiffany; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Tiffany Marks in connection with

the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Tiffany, or in any way endorsed by Tiffany and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of the Tiffany name or the Tiffany Marks; and from otherwise unfairly competing with Tiffany.

b. Entry of temporary, preliminary, and permanent injunctions enjoining Defendants from creating, maintaining, operating, joining, and participating in their World Wide Web based illegal marketplace for the sale and distribution of non-genuine goods bearing counterfeits of the Tiffany Marks.

c. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, that, upon Tiffany's request, the top level domain (TLD) Registry for each of the Subject Domain Names or their administrators, including backend registry operators or administrators, place the Subject Domain Names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Names to the IP addresses where the associated websites are hosted.

d. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, canceling for the life of the current registration or, at Tiffany's election, transferring the Subject Domain Names and any other domain names used by Defendants to engage in their counterfeiting of the Tiffany Marks at issue to Tiffany's control so they may no longer be used for illegal purposes.

e. Entry of an Order requiring Defendants to account to and pay Tiffany for all profits and damages resulting from Defendants' trademark counterfeiting and infringing activities and that the award to Tiffany be trebled, as provided for under 15 U.S.C. §1117, or, at Tiffany's election with respect to Count I, that Tiffany be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

f. Entry of an Order requiring the relevant Defendants to account to and pay Tiffany for all profits and damages resulting from those Defendants' cybersquatting activities and that the award to Tiffany be trebled, as provided for under 15 U.S.C. §1117, or, at Tiffany's election with respect to Count III, that Tiffany be awarded statutory damages from the relevant Defendants in the amount of one hundred thousand dollars ($100,000.00) per cybersquatted domain name used as provided by 15 U.S.C. §1117(d) of the Lanham Act.

g. Entry of an award of Tiffany's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

h. Entry of an award of pre-judgment interest on the judgment amount.

i. Entry of an Order for any further relief as the Court may deem just and proper.

DATED: March 1, 2016. Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: s:/*Stephen M. Gaffigan*/

Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821

E-mail: stephen@smgpa.net
E-mail: leo@smgpa.net
E-mail: raquel@smgpa.net

Attorneys for Plaintiff TIFFANY (NJ) LLC

# SCHEDULE A

## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAMES

| Defendant Number | Target Subject Domain Names | Intermediary Subject Domain Names |
|---|---|---|
| 1 | tiffany-xstore.com | dec11go.com<br>ex409.com<br>gx820.com<br>hmz24.com<br>jp728.com<br>king712.com<br>link4status.com<br>massiedispatch.com<br>n28go.com<br>rock721.com<br>tb415.com<br>tx527.com<br>tz401.com<br>tzgo17.com<br>up116.com<br>up23go.com<br>up629.com<br>up910.com<br>win1112.com<br>xz510.com<br>zeio.me<br>zy20151118.com<br>zy518.com<br>zyau10.com |
| 2 | emwatchsale.com | exports365.com |
| 3 | jewelrynicest.com<br>jewelrybestsale.com | serverjump.com |
| 4 | tfmilanooutletb2016.com | tfmilanoitalia.com |
| 5 | tiffonyoutlet.it | tiffonyoutlets.it |